UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

NIGEL KADE PETERS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 1:20-cv-00165-BLW
Case No. 1:16-cr-00281-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Defendant Nigel Kade Peters' Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In December 2016, Nigel Peters was first indicted for possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. *See Indictment*, Crim Dkt. 1. In April of 2017, a superseding indictment was returned, adding a third count for conspiracy to distribute heroin. *See Superseding Indictment*, Crim Dkt. 37. Peters plead not guilty and proceeded to trial on the three-count superseding indictment. Following a three-day trial, the jury returned a

mixed verdict finding Peters guilty of possession with intent to distribute heroin and conspiracy to distribute heroin and not guilty of possession of a firearm in furtherance of a drug trafficking crime. *See Special Verdict Form*, Crim Dkt. 78.

Despite the jury's acquittal of the firearm charge, the Initial Presentence Report ("PSR") applied a 2-level enhancement for the possession of a firearm pursuant to U.S.S.C. §2D1.1(b)(1). *Initial PSR* ¶ 21, Crim Dkt. 90. Peters did not file an objection to the enhancement, and it was included in the Final PSR. *See PSR* ¶ 21, Crim Dkt. 98. Peters was then sentenced to 214 months incarceration, eight years of supervised release, and a special assessment totaling $200. *Judgment*, Dkt. 104.

After Peters was sentenced, he filed an appeal contending that the drug quantity was miscalculated as it related to his charge and sentencing. *See Appeal Memorandum*, Dkt. 123. On February 14, 2019, the Ninth Circuit entered final judgment dismissing Peters' appeal. *Id.* at 2. The court held there was sufficient evidence, including detailed and non-rebutted testimony by Peters' wife, for a rational juror to find beyond a reasonable doubt that Peters had the intent to distribute at least 100 grams of heroin and that "[t]here was no clear error in the district court's finding that Peters was responsible for distributing 800 grams of heroin." *Id*. Peters did not apply for certiorari.

On March 27, 2020, Peters filed this Motion to Vacate under 28 U.S.C. § 2255. Although it is unclear precisely on what grounds Peters is seeking relief under § 2255, it appears he has raised two ineffective assistance of counsel claims.

Peters first contends that his attorney's failure to call, at sentencing, a counselor from his methadone clinic to testify to his methadone use amounted to ineffective assistance of counsel because it resulted in a miscalculation of the quantity of drugs he intended to distribute. *See Motion* at 5, Dkt. 1; *See also Reply* at 1, Dkt. 8 ("I was not challenging that my lawyer needed to call my drug consolers [*sic*]. . . to my trial; but at my sentencing hearing").

Peters further claims that counsel provided ineffective assistance by failing to object to the two-level firearm enhancement at sentencing because the jury acquitted him of the charge of possession of a firearm in furtherance of a drug trafficking crime. *See Motion* at 6, Dkt. 1

## LEGAL STANDARD

### 1. 28 U.S.C § 2255

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings* provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding, such as pursuant to a motion by the respondent, after considering the answer and motion, or after considering the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes

following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided based on the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

**2. Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697; *see also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

To establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689.

## ANALYSIS

### B. Lack of Calling a Witness at Peters' Sentencing Hearing

Peters is unable to establish he was prejudiced from defense counsel's decision not to call a drug counselor from Peters' methadone clinic to testify at his sentencing because (1) there is ample evidence to support the Court's determination; (2) the Ninth Circuit has already determined there was no error in the Court's calculation of the quantity of heroin trafficked; and (3) the decision to not call a witness was a strategic decision made by his defense counsel. *See Strickland*, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies").

First, there is ample evidence to find that Peters' offense involved more than 800 grams of heroin, regardless of his alleged personal consumption. At the time Peters was arrested, law enforcement found 253.95 grams of heroin in the car. *PSR*

¶ 11, Crim Dkt. 98. Additionally, at trial, Peters' wife testified that during roughly the 17 weeks from August 2017 till the couple's arrest in November, the couple was distributing anywhere from a quarter pound to a half-pound of heroin every two weeks. *See Trial Tr.* at 177, Dkt. 116. Peters' wife would travel down to Arizona and pick up the heroin in 100–200-gram quantities. *Id.* at 177-78. She would then transport the heroin back to Boise and distribute it per Peters' instructions. *Id.* at 175. Based on a conservative calculation, there is sufficient evidence to determine that the 700-gram threshold was met.

Dispositive to Peters' argument, from August 2016 till roughly November 15, 2016, Peters lived in Arizona. *Id.* at 173, 247-48. Therefore, even assuming *arguendo* that Peters was consuming up to 10 grams of heroin a day, the quantity of heroin distributed from the trips his wife took to Boise could not be affected by his personal use. Simply stated, there is sufficient evidence to find that Peters was responsible for distributing more than 700 grams of heroin regardless of his alleged personal consumption. *See Appeal Memorandum* at 2, Dkt. 123 ("There was no clear error in the district court's finding that Peters was responsible for distributing 800 grams of heroin.").

Moreover, defense counsel objected to the baseline calculation for failing to consider Peters' personal consumption at his Sentencing Hearing. *See Sentencing*

*Tr.* at 25, Dkt. 118. Despite not having a witness to testify to Peters alleged 7-10 gram a day habit, the Court stated, "even if I accept [Peters' alleged drug habit], I think there is more than sufficient evidence to support 800 grams of heroin was involved or more than 800 grams of heroin was involved in this trafficking." *Id.* at 25-26. The Court overruled the defense's objection despite Peters' alleged drug habit. This refutes his claim that he needed a testifying witness. As such, Peters suffered no prejudice because the outcome would not have changed regardless of whether a witness testified to Peters' drug habit or not. *See Osborn v. Belleque*, 385 F. App'x 701, 704 (9th Cir. 2010) (holding that the Plaintiff failed to establish prejudice where counsel failed to call witnesses because there was "no realistic probability that the result would have been different had [the witnesses] testified at his sentencing proceeding").

Finally, defense counsel's decision to not call a witness from Peters' methadone clinic—at trial or his sentencing hearing—was a virtually unchallengeable strategic decision. *See Ayala v. Chappell*, 829 F.3d 1081, 1103 (9th Cir. 2016) (quoting *Strickland*, 466 at 690) ("[S]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Defense counsel's affidavit makes it clear that after subpoenaing Peters' treatment records from his treatment facility, calling a

counselor as a witness would be damaging to Peters' case. *See Affidavit of Rob S. Lewis*, Dkt. 5 ("The counselors also made note that he said he had stopped using heroin for months but at other times he admitted using only 1/2-1 gram of heroin.". Moreover, defense counsel decided that "[Peters'] desire to put the issue of his excessive heroin use in from the jury was best accomplished by and through cross examination of his wife." *Id.* Ms. Peters did in fact testify to Peters' use of 7-10 grams of heroin per day at trial, and this testimony was cited and discussed extensively at the sentencing hearing.

For the reasons discussed above, Peters' claim of ineffective assistance of counsel due to the failure to call a drug counselor as a witness at his sentencing hearing is nothing more than a conclusory statement without merit.

**C. Two-Level Sentencing Enhancement for Possession of a Dangerous Weapon**

Similarly, Peters is unable to show prejudice from Defense counsel's failure to object to the two-level offense level enchantment because he cannot show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 697.

In determining whether to apply a two-level enhancement pursuant to U.S.S.C. § 2D1.1(b)(1), a "jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long

as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 156 (1997). The enhancement should be applied in sentencing a Petitioner if a "weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.C. § 2D1.1(b)(1), app. n.11(A).

In this case, there is abundant evidence to support the two-level enhancement under U.S.S.C. 2D1.1(b)(1). When Peters was arrested, law enforcement found a Smith and Wesson pistol in his wife's purse and a Ruger pistol in a backpack. Furthermore, at trial, the government introduced text messages where Peters made statements such as, "I need a [omitted] gun" and "Tomorrow go buy two guns first thing. We can't not have one with this [omitted] going on." *Trial Tr.* at 244, 245, Dkt. 116. Lastly, Peters' wife testified to the authenticity of the text messages.

The acquittal by the jury is not a bar to the two-level enhancement. *See Watts*, 519 U.S. at 156 ("That verdict does not preclude a finding by a preponderance of the evidence that the defendant did, in fact, use or carry such a weapon, much less that he simply possessed the weapon in connection with a drug offense."). Instead, the Court accurately applied § 2D1.1(b)(1) as there is sufficient evidence to support a finding that there was a firearm present, and it was not

clearly improbable that the weapon was connected with Peters' offense.

Peters' ineffective assistance claim based on Defense counsel's failure to object to the two-level enhancement would not have resulted in a different outcome. *See United States v. Reyes*, No. EDCR 06-0007 VAP, 2011 WL 13301607, at *2 (C.D. Cal. Feb. 9, 2011) (Denying Defendant's § 2255 claim for ineffective assistance of counsel because "[d]efendant's counsel did not err in failing to raise a meritless objection" to the sentencing enhancement).

In sum, Peters' claims for ineffective assistance of counsel are frivolous. Therefore, the Court will dismiss Peters' motion in its entirety without conducting an evidentiary hearing.

**ORDER**

**IT IS ORDERED that:** Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1) is **DENIED**.

DATED: May 13, 2022

B. Lynn Winmill
U.S. District Court Judge